IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON KAMBON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:23-CV-1765-DJC-DMC-P<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 17.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because: (1) he is incarcerated; (2) he is indigent; (3) the trial in this case will involve complex issues of law and/or fact; (4) he has been unable to obtain counsel on his own; and (5) he suffers from mental health issues. See ECF No. 17. With the exception of Plaintiff's mental health issues, these factors represent common circumstances among inmates pursuing litigation in federal court. Further, at this stage of the proceedings with a motion to dismiss pending, the Court cannot say that Plaintiff has established any particular likelihood of success on the merits. Nor does the Court finds that the issues in this case are likely to involve a factually or legally complex trial. Finally, as to Plaintiff's mental health issues, while Plaintiff has submitted documentation of various mental health diagnoses, he has not presented evidence indicating that his mental health issues prevent him from representing himself. A review of the docket and Plaintiff's filings to date reflect that he is, despite mental health issues, capable of articulating his position on his own.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 17, is denied.

2. Plaintiff's motion for a 90-day extension of time to file an opposition to Defendants' motion to dismiss, ECF No. 18, is granted.

3. Plaintiff's opposition to Defendants' motion to dismiss, ECF No. 19, filed on May 7, 2024, is deemed timely.

Dated: May 13, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE