1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   THEON KAMBON,                          No.  2:23-CV-1765-DJC-DMC-P

12              Plaintiff,

13        v.                                ORDER

14   COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for reconsideration, ECF No. 24,

19   of the Court's January 31, 2024, order denying entry of default and the Court's May 14, 2024,

20   order denying the appointment of counsel.

21              The Court may grant reconsideration under Federal Rules of Civil Procedure

22   59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately

23   brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d

24   1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also

25   Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  Under Rule 60(a), the Court

26   may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief

27   under this rule can be granted on the Court's own motion and at any time.  See Fed. R. Civ. P.

28   60(a).  Under Rule 60(b), the Court may grant reconsideration of a final judgment and any

1

1    order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

2    evidence which, with reasonable diligence, could not have been discovered within ten days of

3    entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  See

4    Fed. R. Civ. P. 60(b)(1)-(3).

5            Plaintiff seeks reconsideration of two separate orders.  First, Plaintiff seeks

6    reconsideration of the Court's January 31, 2024, order denying Plaintiff's motion for a default

7    judgment.  See ECF No. 9.  On December 11, 2023, Plaintiff sought a default judgment against

8    Defendants based on their failure to respond to Plaintiff's complaint.  See ECF No. 8.  At the

9    time, the Court had not yet screened Plaintiff's complaint, no summons had been issued, and

10   Plaintiff had not requested entry of default by the Clerk of the Court.  Plaintiff's motion was

11   denied for these reasons.  See ECF No. 9.  In the current motion for reconsideration, Plaintiff has

12   not established any ground for reconsideration of the Court's January 31, 2024, order under Rule

13   60(a) or (b).  Moreover, a review of the docket reflects that Defendants have now appeared in the

14   action by way of a motion to dismiss filed on March 14, 2024, which will be addressed in

15   separate findings and recommendations.  Thus, there is no basis for entry of default against the

16   named defendants in this case.

17           Plaintiff also seeks reconsideration of the Court's May 14, 2024, order denying

18   Plaintiff's motion for the appointment of counsel.  See ECF No. 21.  The Court concluded that

19   Plaintiff had not shown exceptional circumstances warranting the appointment of counsel.  See id.

20   Specifically, the Court stated:

21                  . . . Plaintiff argues appointment of counsel is warranted
             because: (1) he is incarcerated; (2) he is indigent; (3) the trial in this case
22           will involve complex issues of law and/or fact; (4) he has been unable to
             obtain counsel on his own; and (5) he suffers from mental health issues.
23           See ECF No. 17. With the exception of Plaintiff's mental health issues,
             these factors represent common circumstances among inmates pursuing
24           litigation in federal court. Further, at this stage of the proceedings with a
             motion to dismiss pending, the Court cannot say that Plaintiff has
25           established any particular likelihood of success on the merits. Nor does the
             Court finds that the issues in this case are likely to involve a factually or
26           legally complex trial. Finally, as to Plaintiff's mental health issues, while
             Plaintiff has submitted documentation of various mental health diagnoses,
27           he has not presented evidence indicating that his mental health issues
             prevent him from representing himself. A review of the docket and
28           Plaintiff's filings to date reflect that he is, despite mental health issues,

                                                  2

1    capable of articulating his position on his own.

2    ECF No. 21, pg. 2.

3    In the pending motion for reconsideration, Plaintiff argues that his ability to

4    articulate his claims on his own should not dispositive.  See ECF No. 24.  The Court agrees and,

5    for this reason, discussed the other relevant factors such as the complexity of the issues involved,

6    the likelihood of success on the merits, and Plaintiff's mental health issues.  Plaintiff has not

7    demonstrated that reconsideration under Rule 60(a) or (b) is warranted.

8    Accordingly, IT IS HEREBY ORDERED as follows:

9    1.    Plaintiff's motion for reconsideration, ECF No. 24, is denied.

10    2.    The Clerk of the Court is directed to terminate ECF No. 24 as a pending

11    motion.

12

13    Dated:  October 4, 2024

14    _____
     DENNIS M. COTA
15    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28