IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON KAMBON, | No.  2:23-CV-1765-DC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 38.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff's request is contained in the conclusion to his opposition to Defendants' pending motion to dismiss.  See ECF No. 38.  There, Plaintiff simply stated that the Court should "appoint the Plaintiff a lawyer to that he may be properly represented in these proceedings. . . ." Id. at 18.  Plaintiff has not, by this request, demonstrated exceptional circumstances.  To the contrary, as to Plaintiff's ability to present his case on his own, Plaintiff's filing largely consists of his opposition to Defendants' motion to dismiss and the Court notes that the opposition brief is well-written, organized, and thorough despite Plaintiff's lack of legal training.

Defendants' motion to dismiss, which is fully briefed, will be addressed by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 38, is DENIED.

Dated:  February 3, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2