IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THEON KAMBON, | No.  2:23-CV-1765-DC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss Plaintiff's second amended complaint. See ECF No. 37. Plaintiff has filed an opposition brief. See ECF No. 38.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

//

1

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

//

//

2

# I. BACKGROUND

## A.      Procedural History

Plaintiff initiated this action with a pro se complaint filed on August 21, 2023. See ECF No. 1. Before the Court could address the sufficiency of Plaintiff's complaint, Plaintiff filed a supplemental complaint on February 15, 2024. See ECF No. 14 (docketed as first amended complaint). Defendants then filed a motion to dismiss, arguing that both the original complaint and supplemental complaint fail to state claims upon which relief can be granted. See ECF No. 16. On January 24, 2025, the Court issued findings and recommendations addressing Defendants' motion to dismiss. See ECF No. 28. The Court recommended that Defendants' motion to dismiss be granted in part and denied in part and that Plaintiff's original and supplemental complaints be dismissed with leave to amend. See id. The District Judge adopted the findings and recommendations in full on April 29, 2025. See ECF No. 31. Thereafter, Plaintiff timely filed the operative amended complaint on June 23, 2025. See ECF No. 34 (docketed as second amended complaint). Defendants responded by way of the pending motion to dismiss. See ECF No. 37.

## B.      Plaintiff's Allegations

This action currently proceeds on Plaintiff's amended complaint filed on June 23, 2025. See ECF No. 34. As with the original complaint, Plaintiff names the following as defendants: (1) County of Sacramento; (2) Sheriff Jim Cooper; (3) Captain Vanessa Vaden; and (4) Captain Edward Yee. See id. at 1, 2-3. Plaintiff also identifies as defendants "John/Jane Does Sacramento County Sheriff's Deputies," "John/jane Does Kitchen Staff," and "John/Jane Does Medical Staff." Id. at 1.

In his first claim, Plaintiff alleges that when he was housed at both the Sacramento County Jail and Rio Consumnes Correctional Center (RCCC), (1) Defendants Kitchen Staff gave Plaintiff meals that were not in accordance with his dietary restrictions; (2) Defendants Medical Staff denied Plaintiff medical treatment despite his symptoms; and (3) Defendants Sheriff's Deputies were deliberately indifferent as to whether Plaintiff's dietary needs were met. See id. at pgs. 5-7. Plaintiff claims that he notified staff at both facilities of his allergies to "KIWI, MILK,

OLIVES, PEANUTS, FISH AND EGGS." Id. at 5.  Plaintiff recounts that, on several occasions when he was housed at the Sacramento County Jail, Defendants Kitchen Staff would give him kiwi. See id. Plaintiff claims that when he was able to obtain a replacement food tray, his tray would sometimes contain partially rotten and/or frozen food. See id. Plaintiff recounts that on one occasion, he attempted to eat his food by cutting around the kiwi, which caused him severe stomach pains for five days. See id. Plaintiff claims that when he was transferred to RCCC, he received food trays not in accordance with his dietary restrictions "3 TO 4 TIMES A WEEK." Id. at 7.

In his second claim, Plaintiff alleges that on or about May and June of 2023, while Plaintiff was being housed at RCCC, Defendant Cooper and various deputies that are not parties to this action failed to take reasonable measures to guarantee Plaintiff's safety when, on three occasions, Plaintiff slipped on the wet floor of a bathroom and sustained various injuries. See id. at pgs. 11-14. According to Plaintiff, the bathroom had plumbing problems that prison staff had not fixed. See id. at 14. Plaintiff claims that Defendant Cooper toured the prison, promised the inmates that the plumbing problem would be fixed, but "FAILED AND REFUSED TO FIX THE UNSAFE AND UNSANTIARY LIVING CONDITIONS." Id. at 11.

In his third claim, Plaintiff alleges that during his stay at the County Jail, "THE MEDICAL STAFF, SHERIFF DEPTUIES, AND THEIR SUPERVISORS FAILED AND OR REFUSED TO PROVIDE [Plaintiff] WITH THE MEDICAL CARE NEEDED" to treat his torn meniscus. Id. at 15. Plaintiff claims that the aforementioned Defendants refused to issue him a doctor-ordered supportive knee brace, prescribed him painkillers that could have led to serious injury, ignored his many medical requests and grievances, denied him timely visits to a knee specialist and MRI, put him in a small cage that forced him to stand, and failed to properly document his prior medical history. See id. at pgs. 16-18. Plaintiff notes that he received surgery on his left knee in February of 2024. See id. at 16. Plaintiff further claims that, while he was in the custody of the California Department of Corrections and Rehabilitation (CDCR) in Delano, California, CDCR employees denied him a follow-up appointment with the surgeon that performed his knee surgery, causing him to suffer pain, discomfort, bleeding in his left knee, and

numbness in his toes. See id. at pgs. 18-19.

In his fourth claim, Plaintiff alleges that Defendants Medical Staff at both the Sacramento County Jail and RCCC denied him access to adequate mental health care. See id. at 20. Plaintiff maintains that on several occasions, Defendants Medical Staff refused to respond to Plaintiff's mental health requests. See id. Plaintiff further alleges that Defendants Medical staff denied Plaintiff privacy for his mental health interviews, "REFUSED TO PROPERLY DOCUMENT [his] BED WETTING ISSUE," and failed to perform routine wellness checks. Id. at 21-22.

## II. DISCUSSION

In their motion to dismiss, Defendants argue: (1) Plaintiff fails to state a claim under the Eighth Amendment for deliberate indifference to Plaintiff's dietary needs; (2) Plaintiff fails to state a claim under the Eighth Amendment for deliberate indifference to a slip-and-fall risk; (3) Plaintiff fails to state a claim under the Eighth Amendment for deliberate indifference to serious medical needs; (4) Plaintiff fails to state a claim under the Eighth Amendment for deliberate indifference to mental health care; and (5) Plaintiff fails to plead sufficient facts to state a municipal liability claim against the County of Sacramento. See ECF No. 37.

### A.    Municipal Liability Claim

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.

5

Defendants argue:

> Plaintiff's "Monell" allegations consist entirely of vague conclusions which have no relevance whatsoever to the alleged constitutional deprivations in the amended complaint. (SAC, pp. 8-9). "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; **it must contain specific facts**." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added). "Monell allegations must be pleaded with specificity as required under *Twombly* and *Iqbal*." *Galindo v. City of San Mateo*, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016). Plaintiff again fails to satisfy the initial pleading burden of identifying *any* "policy," "practice" or "custom" of the County, the Defendant County of Sacramento is entitled to dismissal of claims associated with any alleged violations of constitutional rights and without further leave to amend.

ECF No. 37, pgs. 10-11.

The Court agrees. Plaintiff does not point to a policy or custom of Defendant County of Sacramento that would give rise to municipal liability. Plaintiff points to the County's alleged failure to respond to four out of five grievances filed by Plaintiff as evidence of a policy or custom of deliberate indifference adopted by the County. See ECF No. 34 at 9. The failure to reply to grievances by Plaintiff, without more, does not establish the existence of a policy or custom of deliberate indifference.  Moreover, the Court previously recommended that Plaintiff be provided leave to amend the claim that includes sufficient facts to show a county policy, custom, or practice that resulted in the alleged constitutional violations. See ECF 28, pg. 10.  Because Plaintiff has not done so, the Court recommends that Defendants' motion be granted as to Plaintiff's claim against Defendant County of Sacramento, which should now be dismissed with prejudice.

### B.      Eighth Amendment Claims

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

6

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045. When a defendant holds a supervisory position, the causal link between such

7

defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

In this case, Plaintiff asserts several conditions-of-confinement claims arising under the Eighth Amendment.  Specifically, Plaintiff asserts violations relating to: (1) dietary needs; (2) medical and mental health needs; and (3) safety risks.

      1.    Dietary Needs

As to Plaintiff's claims regarding his special diet, Defendants argue:

> Plaintiff's claim related to his special medical diet in Sacramento County also fails to allege sufficient facts to show that these responding Defendants took actions "unnecessarily and wantonly for the purpose of inflicting harm." See *Farmer,* 511 U.S. at 834. Indeed, none of the individually named defendants are included in the first claim allegations: Neither Sheriff Jim Cooper, V. Vaden as Captain of the Main Jail, nor E. Yee as Captain of RCCC. Plaintiff's claim in the *previous* complaint was dismissed by this Court upon finding that "Plaintiff [did] not allege that any one of them participated in or directed the violations, implemented a policy that is the force behind the constitutional violations, or knew about the violations and failed to prevent them.

ECF No. 37, pgs. 6-7.

The Court agrees. Plaintiff fails to allege sufficient facts to show that *named* defendants took actions, let alone took actions unnecessarily and wantonly for the purpose of inflicting harm. The longstanding pattern of kiwi in Plaintiff's meals at both facilities, accompanied by the service of rotten and frozen food, may be sufficient to maintain a claim for unnecessary and wanton purpose of inflicting harm by the *unnamed* kitchen staff. As to the *named* defendants, however, Plaintiff does not explicitly identify of any of the named defendants in this action and allege that any one of them participated in or directed the claimed violations, implemented a policy that is the force behind the constitutional violations, or knew about the violations and failed to prevent them.

The Court previously recommended that Plaintiff be provided leave to amend the claim to connect his alleged injuries with any named defendant(s). See ECF 28, pg. 9. Because Plaintiff has not done so, the Court will recommend dismissal of Plaintiff's claim of deliberate indifference as to dietary restrictions with no further leave to amend.

### 2.    Medical Needs

As to Plaintiff's medical needs, Defendants argue:

> . . .It is not alleged here that any of the responding Defendants had personal knowledge of Kambon's purported medical issues. The allegations thus fail to suggest that the *subjective* element of a deliberate indifference to medical care claim is met, and nor can the claim be traced to culpability as to Defendants Sheriff Jim Cooper, V. Vaden as Captain of the Main Jail, or E. Yee as Captain of RCCC.
>
> * * *
>
> In Claim 4, Plaintiff Kambon alleges that he was "denied adequate mental health care by medical staff" at the Main Jail and RCCC. (SAC, 20:6-10). His injuries include being "uncomfortable" and feeling humiliated. (SAC, 22:14-15). Plaintiff is not compensable for an emotional injury, however. […¶] Moreover, Plaintiff again fails to allege any facts connecting these individually named Defendants to the alleged deprivation of mental health care.

ECF No. 37, pg. 9.

Again, the Court agrees. Although the requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts, Plaintiff fails to establish that any named defendant failed to provide Plaintiff with medical care. While Plaintiff may have a cognizable deliberate indifference claim against the physician at the Sacramento County Jail and the CDCR employees in Delano, California, Plaintiff has not named them in his second amended complaint.

The Court previously recommended that Plaintiff be provided leave to amend the claim to connect his alleged constitutional deprivations related to medical care with any named defendant(s). See ECF 28, pg. 9. Because Plaintiff has not done so, the Court now recommends dismissal of Plaintiff's medical care claims with no further leave to amend.

### 3.    Safety Risks

As to Plaintiff's claims regarding slip-and-fall risk, Defendants argue:

> Plaintiff's allegations fail to satisfy the subjective prong of deliberate indifference under the Eighth Amendment as to Sheriff Cooper. According to allegations, at an unspecified point in time, Sheriff Cooper was informed of "plumbing problems" in the K-dorm at RCCC. (SAC, p. 11:13-17). Plaintiff then alleges that he fell as a result of "leaking liquid" in the "bathroom of J-dorm." (SAC, p. 13). This reference to Sheriff Cooper's knowledge of plumbing problems in one dorm of RCCC is too vague to

9

establish any wrongful conduct or constitutional violation.

ECF No. 37, pg. 8.

The Court agrees. Plaintiff fails to establish that Defendant Cooper took actions unnecessarily and wantonly for the purpose of inflicting harm. The mere fact that Defendant Cooper knew of the plumbing problems in the K-dorm does not alone allow the Court to reasonably infer that Defendant Cooper also knew of and disregarded a safety risk in the J-dorm bathroom where Plaintiff fell.

The Court previously recommended that Plaintiff be provided leave to amend his slip and fall claim to connect his alleged constitutional deprivation with any named defendant(s). See ECF 28, pg. 9. While Plaintiff now alleges that Defendant Cooper was generally aware of plumbing problems in K-dorm, Plaintiff continues to fail to link Defendant Cooper to plumbing problems in J-dorm where Plaintiff fell. Given that Plaintiff has not improved his claim despite previously being granted leave to amend, the Court will recommend that Plaintiff's safety claim be dismissed with prejudice and without further leave to amend.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

10

## III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1.    Defendants' motion to dismiss, ECF No. 37, be granted in its entirely.

2.    Plaintiff's second amended complaint be dismissed without further leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE